United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30067
Summary Calendar

_____

LEO W. FERGUSON; YOLANDA FERGUSON,

Plaintiffs-Appellants,

versus

PETROLEUM HELICOPTERS, INC.; ET AL.,

Defendants,

DOMINION EXPLORATION & PRODUCTION, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-2245
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Leo W. and Yolanda Ferguson ("the Fergusons") appeal the

district court's summary judgment in favor of Dominion

Exploration & Production, Inc. ("Dominion") in their case brought

under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C.

§ 1331, *et. seq.* The Fergusons argue that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

erroneously determined that Dominion did not owe them a duty of reasonable care in evacuating Mr. Ferguson from an offshore platform after he fell, sustaining serious injuries. Dominion counters that the district court concluded that it did owe such a duty to the Fergusons, but that the duty owed did not encompass the risk of harm sustained by Mr. Ferguson. We review a district court's decision on a summary judgment motion de novo, examining the evidence in the light most favorable to the nonmoving party. Abbott v. Equity Group, Inc., 2 F.3d 613, 618-19 (5th Cir. 1993).

The law of the adjacent state, here Louisiana, is incorporated into federal law by OCSLA and applies to tort actions on a fixed platform on the Outer Continental Shelf. Coulter v. Texaco, Inc., 117 F.3d 909, 911 (5th Cir. 1997). In Louisiana, to determine whether a duty encompasses the risk of harm sustained by a plaintiff, the proper inquiry is how easily the risk of injury to the plaintiff can be associated with the duty sought to be enforced. Conner v. Stelly, 830 So. 2d 1102, 1108 (La. Ct. App. 2002), writ denied, 840 So. 2d 540 (La. 2003), and writ denied, 840 So. 2d 551 (La. 2003). Dominion's duty to evacuate Ferguson for medical care after he fell 15 or 20 feet is easily associated with the risk that Ferguson's injuries could worsen if the evacuation process was performed negligently. Therefore, we conclude that Dominion owed a duty to the Fergusons that encompassed the risk of harm sustained by Mr. Ferguson.

The Fergusons argue that Dominion breached its duty to exercise reasonable care and prudence when it evacuated Mr. Ferguson. They argue that Rocky Campbell ("Campbell"), a Dominion employee, failed to follow Dominion's procedures for evacuating individuals with life-threatening injuries when he failed to assess Mr. Ferguson's situation prior to calling the shorebase coordinator and requesting a helicopter. Whether a defendant was negligent is a question of fact. Houston Exploration Co. v. Halliburton Energy Servs., Inc., 269 F.3d 528, 531 (5th Cir. 2001).

The district court granted summary judgment, in part, because the Fergusons had not introduced evidence to support their contention that alternate transportation would have been faster than PHI. The district court also found that the Fergusons had "introduced no competent summary judgment evidence to controvert the substance of the actions of Dominion's employees in evacuating Ferguson."

The parties do not contest the *substance* of Campbell's actions; they do contest, however, whether Campbell's actions were reasonable or whether they amount to a breach of duty. Campbell did not first ascertain the extent of Ferguson's injuries before calling Barquet, beginning the series of events that caused the delay in Ferguson's evacuation. Dominion's evacuation protocol instructed Campbell to assess injuries prior to calling the shorebase coordinator. This evidence creates a

genuine issue of material fact, namely, whether Dominion breached
its duty to the Fergusons.

Examining the evidence in the light most favorable to the
Fergusons, we conclude that fair-minded jurors could find that
Campbell did not act reasonably under the circumstances.  See
Abbott, 2 F.3d at 618-19; see also Int'l Shortstop, Inc. v.
Rally's, Inc., 939 F.2d 1257, 1263 (5th Cir. 1991).  Because the
Fergusons have set forth specific facts showing the existence of
a genuine issue for trial, we VACATE the district court's
decision granting summary judgment and REMAND the case for
further proceedings.  See FED. R. CIV. P. 56(e).

VACATED AND REMANDED.